In re Estate of Davis.

(No. 77193—Decided September 8, 1969.)

Probate Division, Common Pleas Court of Mahoning County.

*Mr. David G. Clark*, for applicant.
*Mr. William Dick Combs* and *Mr. James B. Chapman*, for alternate designee as executor.

HENDERSON, J. This involves the application of Pauline R. Davis for appointment as executrix of the estate of William V. Davis. The decedent died testate June 1, 1969. He left $100 to each of three children and in item 5 left the remainder of his estate to his "beloved wife, Pauline R. Davis." In item 6 the decedent provided for an alternate gift of the remainder in the event of the prior death of his wife to a trustee for the benefit of his son William Davis III. In item 7, the decedent appointed his "beloved wife, Pauline R. Davis, to be the executrix" of his estate. The will was executed on October 17, 1959.

William and Pauline Davis were married in 1957. In June of 1966, Mr. Davis filed for a divorce and a final decree was given in May of 1967. The decree contained a property settlement, which, according to the brief of counsel opposing the application, contained in part the following in item 9:

"said wife, in and for the promises and considerations

above, does hereby release any and all claims to alimony other than as set forth herein and does hereby release and relinquish from said husband, his heirs and assigns and personal representatives all right or claims of dower, inheritance, distribution and all rights or claims as widow, heir, distributee, survivor, or next of kin in any and all rights, claims or demands of whatsoever kind or nature growing out of or arising from the marriage relationship, now existing and that she shall forever be barred from any claim thereof.''

At the hearing upon the application for the appointment, Pauline R. Davis testified that the property settlement had not been fully carried out, although the agreement itself was not introduced in evidence. She also testified that she had worked for decedent's Ford agency during their marriage and even after the divorce and decedent's death. Mrs. Davis also testified that about a month after the divorce the decedent resumed living with her and continued to do so until his death.

From the testimony at the hearing it would appear that the chief assets in the estate are a 240 acre farm in Salinesville which was to have been conveyed to Mrs. Davis by the terms of the divorce property settlement, the Ford agency, and a one-half interest in the building occupied by the agency, the other one-half interest being owned by Mrs. Davis.

Counsel opposing Mrs. Davis's application maintain that the testator's reference in item 7 to Mrs. Davis as his ''beloved wife'' conditioned the appointment upon her being the testator's wife at the time of his death. Although no authorities have been submitted or found exactly in point there are decisions to the effect that a bequest to a named person referred to as the testator's wife constitutes mere description of the person and does not affect the gift in any way or impose a condition that the beneficiary be the surviving spouse in order to take under the will. 18 A. L. R. 2d 704. The reasoning of these cases would seem to apply equally as well to the appointment of an executrix. Accordingly, the court is of the opinion that Pauline R.

Davis should not be barred from appointment as executrix because of the testator's reference to her in item 7 as his "beloved wife."

Counsel opposing the application further maintain that the divorce, coupled with the property settlement, constitutes an implied revocation of the portion of the will providing for the appointment of Pauline R. Davis as executrix. No cases have been submitted by counsel for either side exactly in point. In the case of *Younker* v. *Johnson* (1954), 160 Ohio St. 409, the Supreme Court of Ohio held that a divorce, coupled with a full property settlement, barred the divorced spouse by implied revocation from any legacy or bequest in the will executed during marriage. The rationale of the decision is that a full property settlement accompanying the divorce constitutes such a change of the condition and circumstances of the testator so as to imply the revocation of the legacies and devises to the divorced spouse under Section 2107.33, Revised Code. It seems to the court, however, that this rationale would not necessarily apply to the appointment of the divorced spouse as executrix. There is not necessarily the same inconsistency between a property settlement and an appointment of the divorced wife as executrix, as there is between a full property settlement and devises and bequests of property for the divorced spouse. At least in this case the circumstances that the decedent continued to employ Mrs. Davis as office manager and to live with her after the divorce and until his death, would seem to demonstrate a continued confidence in her, and would seem to be wholly consistent with a continued intent that she serve as the executrix of his estate. Accordingly, the court is of the opinion that there was no implied revocation of Pauline R. Davis's appointment as executrix in item 7 of the will.

There is, though, another objection raised by the opponents to Mrs. Davis's appointment and that is as to her suitability to act as executrix. Counsel for both sides have cited the case of *In Re Estate of Young* (Franklin County, 1964), 4 Ohio App. 2d 315. The case holds that a "suitable" person, qualified for appointment, means a person

who is reasonably disinterested in the estate and the legatees and beneficiaries under the will. The facts of that case, involving joint and survivorship savings accounts and "P. O. D." savings bonds, and the language of the court's opinion (at page 322) indicate that in determining whether a person is reasonably disinterested the court must consider whether there are any adverse and antagonistic interests which conflict with the fiduciary position, and, if so, the degree of conflict. In this case, the court has not yet had before it the question of whether item 5, leaving the remainder of the estate to Mrs. Davis, remains fully effective or whether it has been impliedly revoked by the divorce and property settlement. If it has not been revoked, then there can be no conflict between Mrs. Davis and the estate since the latter will become substantially all hers. If the item has been revoked, however, there may be an area of conflict especially in the ownership of the farm. For if Mrs. Davis should pursue a claim of title to the farm by reason of provisions in the divorce settlement, then her interests would seem to be adverse and antagonistic to the estate.

Consequently, it would appear that the position of suitability cannot be reasonably and fairly determined until the court has before it the question of the implied revocation of item 5, and whether Mrs. Davis will have reason and basis to contest the estate's ownership of the farm. The court is reluctant to bar Mrs. Davis from serving as executrix upon the bare possibility that her interests may prove to be adverse and antagonistic.

In view of the foregoing, the appointment of the permanent fiduciary will be postponed until the question of the effectiveness of item 5 is presented and decided. In the meantime, barring a significant change in circumstances, Mrs. Davis should continue to serve as special administratrix.

*Judgment accordingly.*