GAIL J. TODORA, APPELLANT, v. PEGGY B. TODORA, RESPONDENT.

No. 8247

October 1, 1976                           554 P.2d 738

*Morris & Wood,* Las Vegas, for Appellant.

*Jolley & Urga,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In 1966, Joseph Todora executed his last will and testament. He named his wife, Peggy B. Todora, as his sole beneficiary and appointed her executrix. Joseph and Peggy were divorced in January 1975. Joseph married the appellant, Gail J. Todora, on March 30, 1975. He died two days later, on April 2, 1975.

Both parties to this appeal have stipulated that NRS 133.115 precludes Peggy from sharing in the proceeds of the estate and that Gail is to take her portion of the decedent's estate as if he had died intestate. See NRS 133.110. However, Gail further contends that NRS 133.115 also revokes that part of the will naming Peggy executrix of the estate.[1] NRS 133.115 provides

---

[1] NRS 133.115:

"Divorce or annulment of the marriage of the testator revokes every beneficial devise, legacy or interest given to the testator's former spouse in a will executed before the entry of the decree of divorce or annulment unless otherwise:

"1. Provided in a property or separation agreement which is approved by the court in the divorce or annulment proceedings and not merged in the decree; or

"2. Ordered by the court in the divorce or annulment proceedings, and the will shall take effect in the same manner as if the former spouse had died before the testator."

in part that "[d]ivorce or annulment of the marriage of the testator revokes every beneficial devise, legacy or interest given to the testator's former spouse . . ." Gail argues that the appointment of Peggy as executrix is an interest contemplated by the statute. We disagree.

Statutes governing the revocation of wills are strictly construed. In re Arnold's Estate, 60 Nev. 376, 380, 110 P.2d 204, 206 (1941). NRS 133.115 is predicated upon the presumed intent of a divorced testator to revoke any legacy or bequest to a former spouse contained in a will executed prior to divorce. The rationale underlying this provision does not extend to the appointment of a divorced spouse named as an executrix in such a will. In re Estate of Davis, 256 N.E.2d 281 (Ohio 1969). A divorce is traditionally accompanied by an equitable division of the parties' property. An additional distribution of property to a former spouse under the terms of a will executed prior to divorce would not be in accord with the testator's intent. On the other hand, divorce does not necessarily connote lack of confidence in a former spouse. Frequently, issue of the marriage may take under the will. The testator may very well prefer that the former spouse probate the estate in order to protect the best interests of their children.[2] Accordingly, we believe and so hold that NRS 133.115, which mandates the revocation of all beneficial interests given to the testator's former spouse in a will executed prior to divorce, contemplates the divestiture of any beneficial or equitable property interests given the former spouse, but that it does not include a revocation of a provision naming that spouse as executor or executrix of the will.[3]

---

[2]We note that the divorce in the present case was accompanied by a property settlement and that four issues of the marriage will probably take under the will.

[3]Unlike NRS 133.115, many states' statutes specifically provide that divorce revokes the appointment of the ex-spouse as executor of a will executed prior to divorce. See, e.g., N.Y. Estates, Powers & Trusts Law § 5-1.4 (McKinney 1967); 19 Code of Laws of South Carolina 223 (Supp. 1975); Uniform Probate Code 2-508 (West 1972). See also A. Casner, *Estate Planning,* at 121-122 (1975 Supp.), where the author states:

"If the controlling statute does not provide that a will is revoked in its entirety by a divorce or that the will is to operate as though the divorced spouse predeceased the testator, but only provides that dispositions in favor of the divorced spouse are revoked, conceivably the divorce will not prevent the divorced spouse from serving as executor if so named in the will."

Finally, Gail contends that NRS 133.120, subsection 2,[4] effects a revocation of the 1966 will, predicated on the changed circumstances of the testator, since he had divorced and remarried subsequent to its execution. The doctrine of implied revocation due to changed circumstances of the testator, codified in NRS 133.120, subsection 2, does not apply to subsequent divorce and remarriage. These circumstances are governed specifically by NRS 133.110[5] and NRS 133.115, *supra*. Cf. Leggett v. Estate of Leggett, 88 Nev. 140, 494 P.2d 554 (1972). Accordingly, we affirm.

---

[4]NRS 133.120, subsection 2:

"2. Nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator."

[5]NRS 133.110:

"If a person marries after making a will and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such a way mentioned therein as to show an intention not to make such provisions; and no other evidence to rebut the presumption of revocation shall be received."